IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TRAVIS S. P.,[1]

         Plaintiff,

    vs.

ANDREW SAUL, Commissioner of
Social Security,

         Defendant.

Case No. 3:19-00803-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Travis P. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons below, the Commissioner's decision is reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for the non-governmental party's immediate family member.

## BACKGROUND

Plaintiff applied for DIB and SSI on February 25, 2016, and February 29, 2016, respectively, alleging disability beginning September 17, 2014. Tr. 185, 189, 200, *see* Tr. 15. Plaintiff's claims were denied initially and upon reconsideration. Tr. 112, 117, 124, 127. After a hearing held on January 19, 2018, the administrative law judge ("ALJ") determined that plaintiff had not been under a disability from the alleged onset date through the date of the decision. Tr. 15, 24. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This action followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the decision of the ALJ. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed because "the court may not substitute its judgment

for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001).

## COMMISSIONER'S DECISION

A claimant is disabled if he or she is unable to "engage in any substantial

gainful activity by reason of any medically determinable physical or mental

impairment which . . . has lasted or can be expected to last for a continuous period of

not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).  "Social Security Regulations set

out a five-step sequential process for determining whether an applicant is disabled

within the meaning of the Social Security Act."  *Keyser v. Comm'r*, 648 F.3d 721, 724

(9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a
> substantially gainful activity? (2) Is the claimant's impairment severe?
> (3) Does the impairment meet or equal one of a list of specific
> impairments described in the regulations?  (4) Is the claimant able to
> perform any work that he or she has done in the past? And (5) Are there
> significant numbers of jobs in the national economy that the claimant
> can perform?

*Id*. at 724–25; *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The burden of proof falls to the claimant at steps one through four, and with

the Commissioner at step five.  *Id*. at 953–54.  At step five, the Commissioner must

show that the claimant can adjust to other work after considering the claimant's

residual functional capacity ("RFC"), age, education, and work experience.  20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the Commissioner fails to meet this burden,

then the claimant is disabled.  *Id*.  If, however, the Commissioner proves that the

claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled.  *Id*.; *see also Bustamante*, 262 F.3d at 953–54.

Here, the ALJ found that plaintiff was not disabled.  Tr. 21.  At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 17.  At step two, the ALJ found that plaintiff suffered from the following severe impairments: mild degenerative disc disease of the cervical spine, chronic left clavicular joint separation, and centrilobular emphysema diagnosed in January 2017.  Tr. 18.  At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, which the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Id*.; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id*. §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's RFC and found that plaintiff retained the capacity to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(c), with additional physical and environmental limitations.  Tr. 18–19.  With respect to physical limitations, the ALJ found that plaintiff "can occasionally crawl, climb ladders, ropes, or scaffolds, and reach overhead bilaterally.  He can frequently handle with the right upper extremity."  *Id*.

At step four, the ALJ concluded that plaintiff could perform past relevant work as a "Production Assembler," Dictionary of Occupational Titles ("DOT") 706.687-010, 1991 WL 679074, and a "Driver," DOT 919.683-014, 1991 WL 687891.  Tr. 22–23.

Page 4 – OPINION AND ORDER

The ALJ also made alternative findings for step five.  Specifically, the ALJ found that plaintiff could perform work that exists in significant numbers in the national economy, including "Assembler, Electrical Accessories," DOT 729.687-010, 1991 WL 679733, "Hand Packager/Inspector," DOT 559.687-074, 1991 WL 683797, and "Mail Clerk," DOT 209.687-026, 1991 WL 671813.  Tr. 23–24.  Accordingly, the ALJ found that plaintiff was not disabled and denied his application.  Tr. 24.

## DISCUSSION

Plaintiff argues that the ALJ erred in rejecting opinions from Tatsuro Ogisu, M.D. regarding plaintiff's ability to reach with his right extremity, which is plaintiff's dominant extremity.  Dr. Ogisu performed a comprehensive musculoskeletal examination of plaintiff in May 2016 to render opinion about how plaintiff's impairments might limit his ability to work.  Tr. 377–81.  Dr. Ogisu opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently, with no standing, walking, or sitting restrictions, frequent right upper extremity handling, minimal right overhead reaching and occasional right reaching in all remaining directions, and frequent left overhead reaching.  Tr. 380.

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, and ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his thorough interpretation thereof, and making findings.'" *Id.* (quoting

*Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, the ALJ assigned Dr. Ogisu's lifting, carrying, and handling limitations

"great weight." Tr. 21.  But the ALJ assigned "little weight" to Dr. Ogisu's reaching

limitations, and "lack of other exertional and postural limitations." *Id*.  The ALJ

reasoned

> This portion of the opinion is inconsistent with the claimant's decreased
> range of motion and tenderness/pain in the neck and shoulder areas on
> examination. . . . Moreover, the claimant's chronic left clavicular joint
> separation . . ., but ability to drive for three hours . . . –which does
> involve reaching, but not overhead reaching—does not support the latter
> part of Dr. Ogisu's opinion.

*Id.* (citations omitted).

In context, the ALJ appears to have provided only one reason to reject Dr.

Ogisu's right side reaching opinions: plaintiff's ability to drive for three hours.

Although the ALJ also relied on inconsistency with objective medical evidence to

partially reject Dr. Ogisu's opinions, including plaintiff's reduced range of motion,

tenderness and pain in the shoulder and neck, and chronic left clavicular separation,

that reasoning appears to apply only to the ALJ's rejection of opinions that were less

limiting than those ultimately assessed by the ALJ.  To the extent that the ALJ

intended to rely on this evidence to reject Dr. Ogisu's more limiting opinions, the ALJ

failed to explain how that evidence did so.

Inconsistency between a physician's opinion and a claimant's daily activities

may constitute a specific and legitimate reason to discount that opinion.  *Ghanim v.*

*Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  However, here, the ALJ relied on a note

from a June 2015 physical therapy appointment, where plaintiff reported that he "was able to drive for about 3 hours" but that doing so did increase his symptoms. Tr. 317. Even accepting the ALJ's reasoning that driving involves reaching, plaintiff's ability to drive for three hours on one occasion in 2015 does not, by itself, constitute substantial evidence inconsistent with Dr. Ogisu's informed opinion, which was based on an examination performed in 2016. Further, because the ALJ explained that driving does "not [involve] overhead reaching," this reasoning does not support rejection of Dr. Ogisu's right side overhead reaching opinion.

In sum, the ALJ erred by rejecting Dr. Ogisu's opinions that plaintiff was limited to "minimal right overhead reaching and occasional right reaching in all remaining directions." At the hearing, a vocational expert ("VE") testified that a person with plaintiff's age, education, work experience, and RFC who could only occasionally reach in all directions with their dominant extremity could not perform plaintiff's past work or the three representative occupations that the ALJ relied on as an alternative basis find plaintiff not disabled. Tr. 56–57. Although the VE opined that "there maybe be [*sic*] some jobs available," those jobs "would be in limited numbers." Tr. 57. Accordingly, the ALJ's error was not harmless, *see Batson v. Comm'r Soc. Sec.*, 359, F.3d 1190, 1197 (9th Cir. 2004) (an error is harmless where it does not negate the validity of the ALJ's ultimate conclusion), and this case must be remanded to allow the ALJ to reevaluate the opinion evidence and, if need be, obtain additional VE testimony.

## CONCLUSION

The Commissioner's decision is REVERSED and the case is REMANDED for further

proceedings consistent with the Court's opinion

    IT IS SO ORDERED.

    Dated this <u>10th</u> day of February 2021.


                  <u>/s/Ann Aiken</u>

                  Ann Aiken
           United States District Judge